IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:19-cv-1037-JPO |
| | ) |
| CASEY'S RETAIL COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff, Michelle Turner, (hereinafter "Plaintiff") has agreed to enter into a Confidentiality Agreement to maintain the confidentiality of information, documents, and materials, **in Casey's manuals**, designated by Casey's Retail Company ("Casey's") as "CONFIDENTIAL", which may constitute trade secrets or other confidential proprietary research, development, financial or commercial information within the meaning of Fed.R.Civ.P. 26(c)(1)(G);

WHEREAS, Casey's wishes to facilitate discovery, ensure appropriate protection for any such confidential information, and ensure that production of any such documents and things shall be used only for the purposes of this case and shall not be disclosed or used in any other way; and

WHEREAS, the parties have agreed to jointly move this Court, pursuant to Fed.R.Civ.P. 26(c)(1)(G), for entry of this Protective Order, and the Court having found that, in light of the confidential or trade-secret nature of the sensitive information that may be sought by Plaintiff and/or produced in discovery by Casey's, good cause exists for the entry of the following Protective Order.

The Court finds that the Protective Order is narrowly tailored to reflect the specific

confidential information requested in discovery and that good cause has been shown for entry of a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, as follows:

IT IS HEREBY ORDERED THAT:

1. Confidential documents, information, testimony, and/or other materials designated by Casey's **in Casey's manuals** as "CONFIDENTIAL" pursuant to the Confidentiality Agreement and this Order, shall be maintained in confidence by Plaintiff, shall be used solely for purposes of this action, and shall be disclosed only in the manner as provided herein.

2. All CONFIDENTIAL designations by Casey's and its counsel shall be made in good faith and made at the time of disclosure, production, or tender or at such other time as permitted by this Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and Casey's and its counsel may so designate materials as CONFIDENTIAL after such inadvertent failure, subject to the protections of this Order.

3. Portions of testimony may also be designated as CONFIDENTIAL by Casey's and its counsel either at the time any such testimony is taken or in writing within twenty days after the transcript of the testimony has been received. The court reporter for any such testimony shall be informed of this Order by the party and the court reporter shall comply with and be bound by this Order. In the event Casey's designates portions or all of that testimony as CONFIDENTIAL, the court reporter shall so designate on the face of the transcript that all or portions of the transcript have been designated as CONFIDENTIAL pursuant to the terms of this Order. Such CONFIDENTIAL transcripts of deposition testimony shall be treated the same and afforded the same protections as other CONFIDENTIAL materials under this Order.

4. If a party seeks to file any documents, information, testimony, and/or other materials (collectively "Materials") containing CONFIDENTIAL information subject to

101705206.v1

protection under the Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of a party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a Motion for Leave to file under seal in accordance with D.Kan.R. 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as CONFIDENTIAL pursuant to this Order is inefficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. *Pro Hac Vice* attorneys must obtained sealed documents from local counsel.

5. CONFIDENTIAL materials designated by Casey's or its counsel shall be maintained in accordance with this Order and shall not be disclosed to anyone except as provided herein. Except as provided in this Order, CONFIDENTIAL materials and the contents thereof may be disclosed only to the following individuals under the following conditions:

    A. Plaintiff, her counsel, and their employees;

    B. Any expert or consultant engaged by Plaintiff for the purpose of assisting in the preparation of litigation, after the expert or consultant signs an undertaking in the form of Exhibit A-1 to this Order;

    C. The Court, juries and court personnel, court reporters, and court staff;

    D. Any person who, based on evidence, is reasonably believed to have had access to or knowledge of the document or information before Plaintiff's

Petition was filed; and

E.  Any other person, entity, or firm, with the prior written consent of Casey's.

6. No outside consultant or expert of Plaintiff shall have access to materials designated CONFIDENTIAL unless he or she shall have read a copy of this Order, shall have executed an affidavit in the form appended hereto as Exhibit A-1 stating that he or she has read this Order and has agreed to be bound thereto. Counsel for Plaintiff making disclosure of CONFIDENTIAL materials shall maintain a file of the affidavits signed by such persons for the purpose of ensuring compliance with this Order.

7. Persons who have been granted access by Plaintiff, her counsel, consultant, or expert to the CONFIDENTIAL materials shall not make use of such material for any purpose other than the litigation of this action or disclose the contents of such material to any other person or entity, except as permitted by this Order.

8. In the event Plaintiff should conclude that for purposes of this action, she needs to disclose CONFIDENTIAL materials designated by Casey's or its counsel to an individual or entity not enumerated in paragraph five (5) of this Order, she may request Casey's counsel grant permission to do so for specified documents or information. To be effective, such consent must be granted in writing and must be specific as to the CONFIDENTIAL materials. Permission granted under this section obviates a necessity of requesting permission of the Court to disclose the CONFIDENTIAL materials.

9. In the event any person subject of this Order, including but not limited to Plaintiff, her counsel, consultant or expert, receives a subpoena issued in another lawsuit for materials designated CONFIDENTIAL by Casey's pursuant to this Order, that person shall give prompt notice within five (5) days to counsel for Casey's sufficient to allow the filing of a motion to quash

or the taking of other lawful action to prevent disclosure.

10. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11. Pursuant to the Confidentiality Agreement, Plaintiff and her attorneys have agreed to return or destroy all CONFIDENTIAL materials designated by Casey's or its counsel within 45 days after the final adjudication or settlement of all claims in this case, subject to the following: All copies of documents (including electronic copies) and all information and notes derived from or relating to CONFIDENTIAL materials subject to this Order shall also be destroyed, with the exception of attorney work product notes, which must be excised from the CONFIDENTIAL materials themselves. Further, Plaintiff and her attorneys have agreed to instruct those persons who they granted access to CONDFIDENTIAL materials to return or destroy said CONFIDENTIAL materials (including electronic copies) at the conclusion of this litigation. CONFIDENTIAL materials retained by Plaintiff's counsel shall be destroyed in accordance with such counsel's regular business practices for destruction of client files unless a hold-order, known to counsel retaining such confidential materials, from another court reasonably requires a longer retention period.

12. Nothing in this Order shall be construed to limit Casey's in its use of CONFIDENTIAL materials or from disclosing the same. Nothing in this Order shall be construed as affecting Casey's regular business practices for destruction of documents or Casey's retention

obligations under applicable insurance regulations, any evidentiary hold orders in connection with other litigation, and statutory requirements such as applicable statutes of limitations. Nothing in this Order shall be construed against Casey's in a way that prohibits, restricts, or requires Casey's to obtain an authorization for the retention, use, or disclosure of nonpublic confidential materials and records as authorized or as reasonably required by federal or state law or regulation, or court order, rule, including, but not limited to, in a market conduct review, to Medicare authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in paperless electronic claim systems for permissible insurance functions.

13. Nothing in this Order shall affect the right of any party to seek additional protections against the disclosure of any other documents or materials or protections for additional categories of documents not subject to this Order.

14. The designation of any material as CONFIDENTIAL is subject to challenge by any party. Before filing any motion or objection to a CONFIDENTIAL designation, though, the objecting party must meet and confer in good faith to resolve the objection formally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged materials and sets forth in detail the basis for the challenge, the parties are strongly encouraged to consider arranging a telephone conference with the undersigned Magistrate Judge before filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as CONFIDENTIAL under the terms of this Order.

15. After the conclusion of the litigation, the provisions of this Order shall continue to

6
101705206.v1

be binding. Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

    IT IS SO ORDERED.

    DATED: May 9, 2019, at Kansas City, Kansas

                                      s/ James P. O'Hara
                                      James P. O'Hara
                                      U.S. Magistrate Judge

WE SO MOVE and agree to abide by the terms of this Order:

LAW OFFICE OF ROGER FINCHER

By: */s/ Roger D. Fincher*
Roger D. Fincher    KS 16090
1263 SW Topeka Boulevard
Topeka, KS 66612
Telephone: (785) 430-5770
roger@fincherlawoffice.com
debbie@fincherlawoffice.com
ATTORNEYS FOR PLAINTIFF

WALLACE SAUNDERS

By: *Schalie A. Johnson*
Schalie A. Johnson    KS 22762
10111 West 87th Street
Overland Park, KS 66212
Telephone: (913) 888-1000
Facsimile: (913) 888-1065
sjohnson@wallacesaunders.com
ATTORNEYS FOR DEFENDANT

| | |
|---|---|
| MICHELLE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:19-cv-01037-JWB-JPO |
| | ) |
| CASEY'S RETAIL COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AFFIDAVIT**

I **[we]**, _____, hereby certify that on _____, _____, I **[we]** read the Confidentiality Agreement entered into by Plaintiff**[s]**, by and though **[her / his / their / its]** counsel, and the Protective Order entered by the Court in the above-captioned action. I **[we]** further certify that I **[we]** understand and agree to abide by the contents of the above aforementioned documents, so long as they remain in effect, by not disclosing designated CONFIDENTIAL materials to anyone except as required by lawful judicial process and except as permitted.

_____
[Name**[s]**]

Subscribed and Sworn to before me this\_\_\_\_\_ day of _____, _____.

EXHIBIT A-1